IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: ) | Consolidated Civil Action |
| ) | No. 3:12-cv-00373-B |
| KOSMOS ENERGY LTD. ) | |
| SECURITIES LITIGATION ) | |
| ) | |

## ANSWER TO CONSOLIDATED AMENDED COMPLAINT

Defendant, Kosmos Energy, Ltd. ("Kosmos") and the Individual Defendants, Brian Maxted, Greg Dunlevy, Sylvia Manor, John Kemp, David Foley, Jeffrey Harris, David Krieger, Prakash Melwani, Adebayo Ogunlesi, Chris Tong, and Christopher Wright, (collectively, the "Kosmos Defendants") file this Answer to Plaintiffs' Consolidated Amended Complaint (doc. 71) and respectfully state as follows:

1.     The Kosmos Defendants admit that, on May 11, 2011, Kosmos issued 33 million shares of its common stock at $18 per share on the New York Stock Exchange (NYSE) under the symbol "KOS." Except as so admitted, the Kosmos Defendants deny the allegations in Paragraph 1 of the Consolidated Complaint.

2.     The Kosmos Defendants admit that Kosmos is an oil exploration and production company that focuses primarily on deepwater projects off the coast of Africa. The Kosmos Defendants further admit that Kosmos discovered oil in the Jubilee Field in 2007, one of the largest oil finds worldwide in 2007 and the largest discovery offshore West Africa in the last decade. Except as so admitted, the Kosmos Defendants deny the allegations in Paragraph 2 of the Consolidated Complaint.

3.     The Kosmos Defendants admit that oil production from the Jubilee Field commenced on November 28, 2010, and Kosmos received its first oil revenues from the Jubilee

Field in early 2011. Except as so admitted, the Kosmos Defendants deny the allegations in Paragraph 3 of the Consolidated Complaint.

4. The Kosmos Defendants admit that Kosmos filed its Form S-1 Registration Statement on January 14, 2011, with the Securities and Exchange Commission. The Kosmos Defendants further admit that the effective date of the Registration Statement was May 10, 2011, in connection with the initial public offering (IPO) of Kosmos common stock. With respect to statements made, the Kosmos Defendants respectfully refer the Court to the Registration Statement for its complete and accurate contents. Except as so admitted, the Kosmos Defendants deny the allegations in Paragraph 4 of the Consolidated Complaint.

5. The Kosmos Defendants deny the allegations in Paragraph 5 of the Consolidated Complaint.

6. The Kosmos Defendants respectfully refer the Court to market sources of public record for a true and accurate record of trading prices for Kosmos stock during the relevant period. Except as so admitted, the Kosmos Defendants deny the allegations in Paragraph 6 of the Consolidated Complaint.

7. The Kosmos Defendants admit that Plaintiff purports to bring claims under §§11, 12, and 15 of the Securities Act (15 U.S.C. §§77k, 77l(a)(2) and 77o) and otherwise deny the allegations in Paragraph 7 of the Consolidated Complaint.

8. Paragraph 8 states a conclusion of law, to which no response is required.

9. The Kosmos Defendants admit the factual allegations in Paragraph 9. To the extent Paragraph 9 states a conclusion of law, no response is required.

10. The Kosmos Defendants admit that the means and instrumentalities of interstate commerce were used in connection with the issuance of Kosmos stock in the IPO.

11. The Kosmos Defendants deny having knowledge and information sufficient to form a belief as to the allegations in Paragraph 11 of the Consolidated Complaint.

12. The Kosmos Defendants admit that Kosmos is a Bermuda corporation. The Kosmos Defendants admit that the company's U.S. subsidiary is headquartered at 8176 Park Lane, Suite 500, Dallas, Texas 75231.

13. The Kosmos Defendants admit that Brian F. Maxted is the Kosmos Chief Executive Officer and a member of the Kosmos Board of Directors. The Kosmos Defendants further admit that he signed the registration statement. Except as so admitted, the Kosmos Defendants deny the allegations in Paragraph 13 of the Consolidated Complaint.

14. The Kosmos Defendants admit that W. Greg Dunlevy is the Kosmos Chief Financial Officer and Executive Vice President. The Kosmos Defendants further admit that he signed the registration statement. Except as so admitted, the Kosmos Defendants deny the allegations in Paragraph 14 of the Consolidated Complaint.

15. The Kosmos Defendants admit that Sylvia Manor is the Kosmos Vice President and Controller. Except as so admitted, the Kosmos Defendants deny the allegations in Paragraph 15 of the Consolidated Complaint.

16. The Kosmos Defendants admit that John R. Kemp III is the Chairman of the Kosmos Board of Directors. The Kosmos Defendants further admit that he signed the registration statement. Except as so admitted, the Kosmos Defendants deny the allegations in Paragraph 16 of the Consolidated Complaint.

17. The Kosmos Defendants admit that David I. Foley is a member of the Kosmos Board of Directors. Except as so admitted, the Kosmos Defendants deny the allegations in Paragraph 17 of the Consolidated Complaint.

18. The Kosmos Defendants admit that Jeffrey A. Harris was a member of the Kosmos Board of Directors. Except as so admitted, the Kosmos Defendants deny the allegations in Paragraph 18 of the Consolidated Complaint.

19. The Kosmos Defendants admit that David B. Krieger is a member of the Kosmos Board of Directors. Except as so admitted, the Kosmos Defendants deny the allegations in Paragraph 19 of the Consolidated Complaint.

20. The Kosmos Defendants admit that Prakash A. Melwani is a member of the Kosmos Board of Directors. Except as so admitted, the Kosmos Defendants deny the allegations in Paragraph 20 of the Consolidated Complaint.

21. The Kosmos Defendants admit that Adebayo O. Ogunlesi is a member of the Kosmos Board of Directors. Except as so admitted, the Kosmos Defendants deny the allegations in Paragraph 21 of the Consolidated Complaint.

22. The Kosmos Defendants admit that Chris Tong is a member of the Kosmos Board of Directors. Except as so admitted, the Kosmos Defendants deny the allegations in Paragraph 22 of the Consolidated Complaint.

23. The Kosmos Defendants admit that Christopher A. Wright is a member of the Kosmos Board of Directors. Except as so admitted, the Kosmos Defendants deny the allegations in Paragraph 23 of the Consolidated Complaint.

24. An answer to the allegations in Paragraph 24 is not required.

25. The Kosmos Defendants deny the allegations in Paragraph 25 of the Consolidated Complaint.

26. The Kosmos Defendants admit that Citigroup Global Markets Inc., Barclays Capital Inc., and Credit Suisse Securities (USA) LLC acted as Joint Bookrunning Managers for

the IPO. Except as so admitted, the Kosmos Defendants deny the allegations in Paragraph 26 of the Consolidated Complaint.

27. The Kosmos Defendants admit that BPN Paribas Securities Corp. and SG Americas Securities LLC acted as Joint Lead Managers for the Kosmos IPO. The Kosmos Defendants further admit that Credit Agricole Securities (USA) Inc., Howard Weil Incorporated, HSBC Securities (USA) Inc., Jefferies & Company, Inc., Natixis Bleichroeder LLC, and RBC Capital Markets, LLC acted as Co-Managers of the IPO. Except as so admitted, the Kosmos Defendants deny the allegations in Paragraph 27 of the Consolidated Complaint.

28. An answer to the allegations in Paragraph 28 is not required.

29. The Kosmos Defendants admit that The Blackstone Group ("Blackstone") is a private equity firm. Except as so admitted, the Kosmos Defendants deny the allegations in Paragraph 29 of the Consolidated Complaint.

30. The Kosmos Defendants admit that Warburg Pincus ("Warburg") is a private equity firm. Except as so admitted, the Kosmos Defendants deny the allegations in Paragraph 30 of the Consolidated Complaint.

31. The Kosmos Defendants deny the allegations in Paragraph 31 of the Consolidated Complaint.

32. The Kosmos Defendants deny the allegations in Paragraph 32 of the Consolidated Complaint.

33. The Kosmos Defendants admit that the effective date of the Registration Statement was May 10, 2011. The Kosmos Defendants further admit that, on May 11, 2011, Kosmos issued 33 million shares of its common stock at $18 per share on the NYSE. Except as so admitted, the Kosmos Defendants deny the allegations in Paragraph 33 of the Consolidated Complaint.

34. The Kosmos Defendants deny the allegations in Paragraph 34 of the Consolidated Complaint.

35. With respect to statements made, the Kosmos Defendants respectfully refer the Court to the Registration Statement for its complete and accurate contents. The Kosmos Defendants deny all other allegations in Paragraph 35 of the Consolidated Complaint.

36. With respect to statements made, the Kosmos Defendants respectfully refer the Court to the Registration Statement for its complete and accurate contents. The Kosmos Defendants deny all other allegations in Paragraph 36 of the Consolidated Complaint.

37. With respect to statements made, the Kosmos Defendants respectfully refer the Court to the Registration Statement for its complete and accurate contents. The Kosmos Defendants deny all other allegations in Paragraph 37 of the Consolidated Complaint.

38. With respect to statements made, the Kosmos Defendants respectfully refer the Court to the Registration Statement for its complete and accurate contents. The Kosmos Defendants deny all other allegations in Paragraph 38 of the Consolidated Complaint.

39. The Kosmos Defendants deny the allegations in Paragraph 39 of the Consolidated Complaint.

40. With respect to statements made, the Kosmos Defendants respectfully refer the Court to the Registration Statement for its complete and accurate contents. The Kosmos Defendants deny all other allegations in Paragraph 40 of the Consolidated Complaint.

41. With respect to statements made, the Kosmos Defendants respectfully refer the Court to the Registration Statement for its complete and accurate contents. The Kosmos Defendants deny all other allegations in Paragraph 41 of the Consolidated Complaint.

42. With respect to statements made, the Kosmos Defendants respectfully refer the Court to the Registration Statement for its complete and accurate contents. The Kosmos Defendants deny all other allegations in Paragraph 42 of the Consolidated Complaint.

43. The Kosmos Defendants deny the allegations in Paragraph 43 of the Consolidated Complaint.

44. The Kosmos Defendants deny the allegations in Paragraph 44 of the Consolidated Complaint.

45. The Kosmos Defendants deny the allegations in Paragraph 45 of the Consolidated Complaint.

46. The Kosmos Defendants deny the allegations in Paragraph 46 of the Consolidated Complaint.

47. The Kosmos Defendants admit that Plaintiff purports to bring this action as a putative class action but aver that this action is inappropriate for class action treatment. Further, the Kosmos Defendants aver that Paragraph 47 of the Consolidated Complaint contains no factual allegations, so no responsive pleading is required.

48. The Kosmos Defendants aver that this action is inappropriate for class action treatment. Further, the Kosmos Defendants aver that the allegations in Paragraph 48 of the Consolidated Complaint state a legal conclusion, to which no response is required, and otherwise deny the allegations contained in Paragraph 48 of the Consolidated Complaint.

49. The Kosmos Defendants aver that this action is inappropriate for class action treatment. Further, the Kosmos Defendants aver that the allegations in Paragraph 49 of the Consolidated Complaint state a legal conclusion, to which no response is required, and otherwise deny the allegations contained in Paragraph 49 of the Consolidated Complaint.

50. The Kosmos Defendants aver that this action is inappropriate for class action treatment. Further, the Kosmos Defendants aver that the allegations in Paragraph 50 of the Consolidated Complaint state a legal conclusion, to which no response is required, and otherwise deny the allegations contained in Paragraph 50 of the Consolidated Complaint.

51. The Kosmos Defendants aver that this action is inappropriate for class action treatment. Further, the Kosmos Defendants aver that the allegations in Paragraph 51 of the Consolidated Complaint state a legal conclusion, to which no response is required, and otherwise deny the allegations contained in Paragraph 51 of the Consolidated Complaint.

52. The Kosmos Defendants aver that this action is inappropriate for class action treatment. Further, the Kosmos Defendants aver that the allegations in Paragraph 52 of the Consolidated Complaint state a legal conclusion, to which no response is required, and otherwise deny the allegations contained in Paragraph 52 of the Consolidated Complaint.

53. The Kosmos Defendants repeat their answers set forth in the preceding paragraphs.

54. The Kosmos Defendants admit that Plaintiff purports to bring Count I of the Complaint against all defendants except Blackstone and Warburg pursuant to §11 of the Securities Act, 15 U.S.C. §77k. But the Kosmos Defendants deny that Plaintiff is entitled to any such relief.

55. The Kosmos Defendants deny having knowledge and information sufficient to form a belief as to the allegations in Paragraph 55 of the Consolidated Complaint.

56. The Kosmos Defendants deny the allegations in Paragraph 56 of the Consolidated Complaint.

57. The Kosmos Defendants admit that Kosmos is the registrant for the IPO. The remainder of the allegations in Paragraph 57 of the Consolidated Complaint states a legal conclusion, so no response is required.

58. The Kosmos Defendants deny the allegations in Paragraph 58 of the Consolidated Complaint.

59. The Kosmos Defendants deny the allegations in Paragraph 59 of the Consolidated Complaint.

60. The Kosmos Defendants deny the allegations in Paragraph 60 of the Consolidated Complaint.

61. The Kosmos Defendants admit the allegations contained in the third sentence of Paragraph 61 of the Consolidated Complaint and, otherwise, deny the allegations contained in Paragraph 61 of the Consolidated Complaint.

62. The Kosmos Defendants repeat their answers set forth in the preceding paragraphs.

63. The Kosmos Defendants admit that Plaintiff purports to bring Count II of the Complaint against all defendants pursuant to §12(a)(2) of the Securities Act, 15 U.S.C. §77l(a)(2). But the Kosmos Defendants deny that Plaintiff is entitled to any such relief.

64. The Kosmos Defendants deny the allegations contained in the first and third sentences of Paragraph 64 of the Consolidated Complaint and, otherwise, aver that the allegations contained in Paragraph 64 of the Consolidated Complaint state a legal conclusion, so no response is required.

65. The Kosmos Defendants deny the allegations in Paragraph 65 of the Consolidated Complaint.

66. The Kosmos Defendants deny the allegations in Paragraph 66 of the Consolidated Complaint.

67. The Kosmos Defendants deny the allegations in Paragraph 67 of the Consolidated Complaint.

68. The Kosmos Defendants repeat their answers set forth in the preceding paragraphs.

69. The Kosmos Defendants admit that Plaintiff purports to bring Count III of the Complaint against the Individual Defendants, Blackstone, and Warburg pursuant to §15 of the Securities Act, 15 U.S.C. §77o. But the Kosmos Defendants deny that Plaintiff is entitled to any such relief.

70. The Kosmos Defendants deny the allegations in Paragraph 70 of the Consolidated Complaint.

71. The Kosmos Defendants deny the allegations in Paragraph 71 of the Consolidated Complaint.

## ANSWER TO PRAYER FOR RELIEF

The Kosmos Defendants deny that Plaintiffs are entitled to any relief against them. Further, the Kosmos Defendants request that the Court dismiss all claims against them with prejudice and order such further relief as the Court deems just and proper.

## ANSWER TO JURY DEMAND

The Kosmos Defendants demand a jury trial.

## GENERAL DENIAL

Except as expressly recognized, the Kosmos Defendants deny each and every allegation contained in paragraphs 1 through 71, including, without limitation, the footnotes, headings and subheadings contained in the Consolidated Complaint, and specifically deny any liability to

Plaintiffs or any members of the class that Plaintiffs purport to represent. Pursuant to Federal Rules of Civil Procedure 8(b), averments in the Consolidated Complaint to which no responsive pleading is required shall be deemed denied. The Kosmos Defendants expressly reserve their right to amend and/or supplement their Answer.

## AFFIRMATIVE AND OTHER DEFENSES

The statement of any defense hereinafter does not assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiffs. The Kosmos Defendants expressly reserve the right to amend and/or supplement their defenses:

### FIRST DEFENSE

Plaintiffs' claims and/or the claims of members of the class that Plaintiffs purport to represent are barred, in whole or in part, because this action cannot be maintained as a class action pursuant to Federal Rule of Civil Procedure 23.

### SECOND DEFENSE

Plaintiffs' claims and/or the claims of members of the class that Plaintiffs purport to represent are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiffs' claims, including the claims of members of the class that Plaintiffs purport to represent, are barred in whole or in part, for lack of standing.

### FOURTH DEFENSE

Plaintiffs' claims, including the claims of members of the class that Plaintiffs purport to represent, are barred in whole or in part, because the Plaintiffs and purported class members did not rely on any alleged omissions or misstatements of fact in the Registration Statement and Prospectus.

### FIFTH DEFENSE

Plaintiffs' claims, including the claims of members of the class that Plaintiffs purport to represent, are barred in whole or in part, because the Plaintiffs' and purported class members' damages were not caused by any alleged material omissions or untrue statements of fact in the Registration Statement and Prospectus.

**SIXTH DEFENSE**

Plaintiffs' claims, including the claims of members of the class that Plaintiffs purport to represent, are barred in whole or in part, to the extent that Plaintiffs and the purported class members have disposed of their securities at a price in excess of the offering price.

**SEVENTH DEFENSE**

Plaintiffs' claims, including the claims of members of the class that Plaintiffs purport to represent, are barred in whole or in part, to the extent that Plaintiffs and the purported class members are unable to trace their securities to the Kosmos IPO.

**EIGHTH DEFENSE**

Plaintiffs' claims, including the claims of members of the class that Plaintiffs purport to represent, are barred in whole or in part, because the injury allegedly incurred by Plaintiffs and members of the purported class resulted from intervening or superseding events outside the knowledge or control of the Kosmos Defendants, including, but not limited to, the operation of natural market and/or industry forces. Such intervening or superseding events caused the harm, if any, suffered by Plaintiffs and the alleged class, such that no act or omission by the Kosmos Defendants was the direct and/or proximate cause thereof.

**NINTH DEFENSE**

Plaintiffs' claims and/or the claims of members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the Registration Statement and Prospectus did not contain any misstatements and the Kosmos Defendants did not omit any material fact required to be stated or necessary to make the Registration Statement and Prospectus complete.

**TENTH DEFENSE**

Plaintiffs' claims, including the claims of members of the class that Plaintiffs purport to represent, are barred in whole or in part, because any alleged misstatements and omissions in the Registration Statement and Prospectus were not material to the investment decisions of a reasonable investor in view of, inter alia, the total mix of available information.

**ELEVENTH DEFENSE**

Plaintiffs' claims, including the claims of members of the class that Plaintiffs purport to represent, are barred in whole or in part, because the alleged misstatements in the Registration Statement and Prospectus were based on good faith and reasonable reliance upon the work, opinions, information, representations, and advice of others.

**TWELFTH DEFENSE**

Plaintiffs' claims, including the claims of members of the class that Plaintiffs purport to represent, are barred in whole or in part, because the alleged misstatements in the Registration Statement and Prospectus were immaterial.

**THIRTEENTH DEFENSE**

Plaintiffs' claims, including the claims of members of the class that Plaintiffs purport to represent, are barred in whole or in part, because the alleged misstatements in the Registration Statement and Prospectus are forward-looking statements that are protected under the administrative and statutory safe harbor rules.

**FOURTEENTH DEFENSE**

Plaintiffs' claims, including the claims of members of the class that Plaintiffs purport to represent, are barred in whole or in part, because any alleged misstatements in the Registration Statement and Prospectus are forward-looking statements that are protected under the bespeaks caution doctrine.

**FIFTEENTH DEFENSE**

Plaintiffs' claims, including the claims of members of the class that Plaintiffs purport to represent, are barred in whole or in part, because the matters now claimed to be the subject of misrepresentations and omissions were publicly available to Plaintiffs and members of the purported class.

**SIXTEENTH DEFENSE**

Plaintiffs' claims and/or the claims of members of the class that Plaintiffs purport to represent are barred, in whole or in part, because any alleged misstatements in the Registration Statement and Prospectus are non-actionable statements because the Registration Statement and Prospectus contained sufficient cautionary language and risk disclosures.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims, including the claims of members of the class that Plaintiffs purport to represent, are barred in whole or in part, because the Kosmos Defendants had no reasonable ground to believe and did not believe that the statements were untrue and incomplete.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims and/or the claims of members of the class that Plaintiffs purport to represent are barred, in whole or in part, any alleged misstatements in the Registration Statement and Prospectus were reviewed by experts retained to assist in preparing the Prospectus, as to which the Kosmos Defendants reasonably relied and had reasonable grounds to believe and did believe that the statements were true and complete.

**NINETEENTH DEFENSE**

Lead Plaintiff's claims are barred in whole or in part because of the lack of loss causation. Plaintiffs have not suffered any injury or harm as a result of the actions of the Kosmos Defendants alleged in the Complaint.

### TWENTIETH DEFENSE

Lead Plaintiff's claims against the Kosmos Defendants are barred in whole or in part because the depreciation in the market price of Kosmos securities resulted from factors other than the misstatements or omissions alleged in the Complaint.

Dated: August 1, 2013.

                                                Respectfully submitted,

                                                /s/ Daniel H. Charest
SUSMAN GODFREY LLP
Stephen D. Susman
State Bar No. 19521000
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666

Terrell W. Oxford
State Bar No. 15390500
Warren T. Burns
State Bar No. 24053119
Daniel H. Charest
State Bar No. 24057803
901 Main Street, Suite 5100
Dallas, Texas 75205-3775
Telephone: (214) 754-1900
Fax: (214) 754-1933

Attorneys for Kosmos Energy, Ltd.
and the Individual Defendants

### CERTIFICATE OF SERVICE

On August 1, 2013, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal rule of Civil Procedure 5(b)(2).

                                                /s/ Daniel H. Charest
                                                Daniel H. Charest