UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| In re KOSMOS ENERGY LTD SECURITIES LITIGATION | § § § | Consolidated Civil Action No. 3:12-cv-373-B |
| | § | <u>CLASS ACTION</u> |
| _____ | § | |
| This Document Relates To: | § § | |
| ALL ACTIONS. | § § | |
| _____ | § | |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE**

WHEREAS, a consolidated class action is pending before the Court captioned *In re Kosmos Energy Ltd Securities Litigation*, Consolidated Civil Action No. 3:12-cv-373-B (the "Litigation");

WHEREAS, the Court has received the Stipulation of Settlement dated as of April 28, 2014 (the "Stipulation"), that has been entered into by the Plaintiffs (on behalf of themselves and each of Settlement Class Members) and Defendants, and the Court has reviewed the Stipulation and its attached Exhibits;

WHEREAS, the Parties having made a joint application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto sets forth the terms and conditions for the Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all terms with initial capitalization contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      After a preliminary review, the Settlement appears to be fair, reasonable, adequate, and in the best interests of the Settlement Class.  The Settlement: (a) resulted from extensive arm's-length negotiations; and (b) is sufficient to warrant (i) notice thereof as set forth below; and (ii) a full hearing on the Settlement.  Accordingly, the Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2.      A hearing (the "Final Approval Hearing") shall be held before this Court [no less than one hundred (100) days after the Notice Date] on _____, 2014, at _____ __.m., at

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE

the Earle Cabell Federal Building and United States Courthouse, 1100 Commerce Street, Courtroom 1516, Dallas, Texas 75242, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, just, reasonable and adequate to the Settlement Class Members and should be approved by the Court; whether a Judgment as provided in ¶1.11 and ¶8.1(d) of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of attorneys' fees and expenses that should be awarded to Lead Plaintiff's counsel and the amount that Lead Plaintiff should be awarded for its expenses, including lost wages.  The Court may continue or adjourn the Final Approval Hearing without further notice to Settlement Class Members.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating the Settlement, a Settlement Class defined as all Persons who purchased Kosmos common stock issued pursuant or traceable to the Registration Statement and Prospectus utilized in connection with Kosmos' IPO from May 10, 2011 through and including January 10, 2012 and were damaged thereby.  Excluded from the Class are Defendants, Blackstone, Warburg, and any of their respective Related Parties, and any Person who timely and validly seeks exclusion from the Settlement Class.

4.      With respect to the Settlement Class, this Court preliminarily finds for purposes of effectuating the Settlement that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual question; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE

adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

5.     The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim and Release"), and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶6-7 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6.     The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)     The Claims Administrator shall make reasonable efforts to identify all Persons who are Members of the Settlement Class, and not later than [fourteen (14) calendar days after the Court enters this Order] _____, 2014 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Settlement Class Members who can be identified with reasonable effort;

(b)     Not later than [ten (10) calendar days after the Notice Date] _____, 2014, the Claims Administrator shall cause the Summary Notice, substantially in

- 3 -
[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE

the form annexed hereto as Exhibit A-3, to be published once in *Investor's Business Daily* and transmitted once over a national newswire service;

(c)      Not later than the Notice Date, the Claims Administrator shall post the Stipulation and all of its Exhibits on a case dedicated website, www.kosmossecuritiessettlement.com, which will be set forth in the Notice; and

(d)      At least seven (7) calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

7.      Nominees who purchased the common stock of Kosmos for the beneficial ownership of Settlement Class Members during the Settlement Class Period shall send the Notice and the Proof of Claim and Release to all beneficial owners of such securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable costs incurred in providing notice to beneficial owners who are Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

8.      All Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE

9.      Any Member of the Settlement Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

10.     Settlement Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim and Release in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim and Release must be submitted no later than ninety (90) days from the Notice Date.  Any Settlement Class Member who does not timely submit a Proof of Claim and Release within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall in all respects be bound by the release contained in the Stipulation and Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

11.     Any Settlement Class Member may, upon request, be excluded from the Settlement Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than [fifty-five (55) calendar days after the Notice Date] _____, 2014.  A Request for Exclusion must provide the following information to the Claims Administrator: (a) name; (b) address; (c) telephone number; (d) amount of Kosmos common stock purchased during the Settlement Class Period and/or sold (or otherwise disposed of) at any time after May 10, 2011; (e) prices paid or received for such stock; (f) the date of each purchase or sale transaction; and (g) a statement that the Person wishes to be excluded from the Settlement Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE

Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation. Unless otherwise ordered by the Court, any Settlement Class Member who does not submit a valid and timely written Request for Exclusion as provided by this paragraph shall be bound by the Stipulation.

12.     Any Member of the Settlement Class may appear and show cause if he, she or it has any reason why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why the Judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why Lead Counsel's request for an award of attorneys' fees and expenses including Lead Plaintiff's expenses as provided for by 15 U.S.C. §77z-1(a)(4) should or should not be awarded; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or the Judgment to be entered thereon unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are received on or before [fifty-five (55) calendar days after the Notice Date] _____, 2014, by Robbins Geller Rudman & Dowd LLP, X. Jay Alvarez, 655 West Broadway, Suite 1900, San Diego, CA 92101; and Susman Godfrey LLP, Daniel H. Charest, 901 Main Street, Suite 5100, Dallas, TX 75205; Gibson, Dunn & Crutcher LLP, Brian M. Lutz, 200 Park Avenue, 47th Floor, New York, NY  10166, and filed said objections, papers and briefs with the Clerk of the United States District Court for the Northern District of Texas, Dallas Division, on or before [fifty-five (55) calendar days after the Notice Date] _____, 2014.  Any Settlement Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE

attorneys' fees and expenses to Lead Counsel, including Lead Plaintiff's expenses, unless otherwise ordered by the Court.

13.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

14.     All papers in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for an award of attorneys' fees or expenses, including Lead Plaintiff's request for payment of its expenses as provided for by 15 U.S.C. §77z-1(a)(4) shall be filed and served on or before _____, 2014 [thirty-five (35) calendar days after the Notice Date]. Any reply briefs and supporting documents shall be filed and served on or before _____, 2014 [seven (7) calendar days prior to the Final Approval Hearing].

15.     Neither the Released Persons nor Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Plaintiff's counsel or the Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

16.     At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, any application for attorneys' fees or expenses, and any application for an award of Lead Plaintiff's expenses, including lost wages pursuant to 15 U.S.C. §77z-1(a)(3)(4), shall be approved.

17.     All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective,

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE

neither the Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶¶2.6 or 2.7 of the Stipulation.

18.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

19.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.


DATED: _____          _____
                                     THE HONORABLE JANE J. BOYLE
                                     UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE

# EXHIBIT A-1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re KOSMOS ENERGY LTD SECURITIES LITIGATION | § § § § | Consolidated Civil Action No. 3:12-cv-373-B |
| | | CLASS ACTION |
| This Document Relates To: | § § § § § | |
| ALL ACTIONS. | | |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
EXHIBIT A-1**

*IF YOU PURCHASED KOSMOS ENERGY LTD ("KOSMOS") COMMON STOCK ISSUED PURSUANT TO OR TRACEABLE TO THE REGISTRATION STATEMENT AND PROSPECTUS UTILIZED IN CONNECTION WITH KOSMOS' INITIAL PUBLIC OFFERING ("IPO") FROM MAY 10, 2011 THROUGH AND INCLUDING JANUARY 10, 2012 AND WERE DAMAGED THEREBY (THE "SETTLEMENT CLASS"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT. CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE SETTLEMENT CLASS AS SET FORTH IN THE STIPULATION OF SETTLEMENT.*

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- The Settlement will provide $10,200,000 in cash to pay claims of all Settlement Class Members. For an estimate of how much you could receive from this Settlement, see the discussion at Question 9 of this Notice.

- The Settlement resolves a lawsuit claiming that Defendants issued a materially false and misleading Registration Statement and Prospectus in connection with Kosmos' IPO in violation of §11, §12(a)(2) and §15 of the Securities Act of 1933.[1] The Defendants deny they did anything wrong. The Settlement avoids the costs and risks associated with continued litigation (including the danger of no recovery), provides a monetary benefit to the Settlement Class, and releases defendants from liability.

---

[1] The Defendants include the following: Kosmos; Brian F. Maxted, W. Greg Dunlevy, Sylvia Manor, John R. Kemp III, David I. Foley, Jeffrey A. Harris, David B. Krieger, Prakash A. Melwani, Adebayo O. Ogunlesi, Chris Tong, and Christopher A. Wright (collectively, the "Individual Defendants"); and Citigroup Global Markets Inc., Barclays Capital Inc., Credit Suisse Securities (USA) LLC, BNP Paribas Securities Corp., SG Americas Securities LLC, Credit Agricole Securities (USA) Inc., Scotia Capital (USA) Inc. (f/k/a Howard Weil Incorporated), HSBC Securities (USA) Inc., Jefferies & Company, Inc., Natixis Securities Americas LLC (f/k/a Natixis Bleichroeder LLC), and RBC Capital Markets LLC (collectively, the "Underwriter Defendants").

**Questions?  Call toll free 1-800-449-4919 or visit www.kosmossecuritiessettlement.com**

- The proposed Settlement should be compared to the risk of no recovery. The claims in this case involve numerous complex legal and factual issues that would require extensive and costly expert testimony. Among the many issues about which the parties do not agree are: (1) whether any of the Defendants violated the securities laws or otherwise engaged in any wrongdoing; (2) whether a class could be certified; and (3) the amount of damages (if any) that could be recovered at trial.

- For the past two years, Lead Plaintiff's Counsel have not received payment for their work investigating the facts, prosecuting this Litigation, and negotiating the proposed Settlement on behalf of the Lead Plaintiff and the Settlement Class. Lead Plaintiff's counsel will ask the Court to approve the reimbursement of expenses actually incurred of no more than $275,000 from the Settlement Fund and an award of attorneys' fees of up to 22.5%, net of Court-approved expenses, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. Lead Counsel also may apply for the reimbursement of the Lead Plaintiff's expenses pursuant to 15 U.S.C. §77z-1(a)(4).

- Your legal rights are affected whether you act or don't act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Submit a Proof of Claim Form** | The only way to get a payment. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the Settlement. |
| **Do Nothing** | Get no payment. Give up your rights. |
| **Exclude Yourself** | Get no payment. This is the only option that allows you to ever bring a lawsuit against Defendants concerning the legal claims at issue in this case. |
| **Object** | Write to the Court about why you don't like the Settlement. |

- The following **deadlines** apply to your rights and options in this Litigation:

  Submit Claim: _____, 2014
  Request Exclusion:     _____, 2014
  File Objection:          _____, 2014
  Court Hearing on Fairness of Settlement: _____, 2014

- The Court in charge of this case must decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and, if there are any appeals, after appeals are resolved. Please be patient.

**Questions?  Call toll free 1-800-449-4900 or visit www.kosmossecuritiessettlement.com**      2

| WHAT THIS NOTICE CONTAINS |
|---|

**Basic Information**                                                                                    **Page __**
    1.  Why did I receive this notice package?
    2.  What is this lawsuit about?
    3.  Why is this a class action?
    4.  Why is there a settlement?

**Who Is in the Settlement?**                                                                           **Page __**
    5.  How do I know if I am part of the Settlement?
    6.  What are the exceptions to being included?
    7.  I'm still not sure if I am included.

**The Settlement Benefits – What You Get**                                                              **Page __**
    8.  What does the Settlement provide?
    9.  How much will my payment be?

**How You Obtain a Payment – Submitting a Proof of Claim and Release**                                  **Page __**
    10.  How will I obtain a payment?
    11.  When will I receive my payment?
    12.  What am I giving up to receive a payment or stay in the Settlement Class?

**Excluding Yourself from the Settlement**                                                              **Page __**
    13.  How do I get out of the Settlement Class?
    14.  If I do not exclude myself, can I sue Defendants for the same thing later?
    15.  If I exclude myself, can I receive money from this Settlement?

**The Lawyers Representing You**                                                                        **Page __**
    16.  Do I have a lawyer in this case?
    17.  How will the lawyers be paid?

**Objecting to the Settlement**                                                                         **Page __**
    18.  How do I tell the Court that I do not like the Settlement?
    19.  What's the difference between objecting and excluding?

**The Court's Fairness Hearing**                                                                        **Page __**
    20.  When and where will the Court decide whether to approve the Settlement?
    21.  Do I have to come to the hearing?
    22.  May I speak at the hearing?

**If You Do Nothing**                                                                                   **Page __**
    23.  What happens if I do nothing at all?

**Getting More Information**                                                                            **Page __**
    24.  Are there more details about the Settlement?
    25.  How do I get more information?

## BASIC INFORMATION

| 1. | **Why did I receive this notice package?** |
|---|---|

You may have purchased Kosmos common stock from May 10, 2011 through January 10, 2012, inclusive.

The Court directed that this Notice be sent to you because you have a right to know about a proposed Settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.

If the Court approves the Settlement, and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

This Notice explains the lawsuit, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is Judge Jane J. Boyle of the United States District Court for the Northern District of Texas, Dallas Division (the "Court"), and the case is known as *In re Kosmos Energy Ltd Securities Litigation*, Consolidated Civil Action No. 3:12-cv-373-B.

| 2. | **What is this lawsuit about?** |
|---|---|

The Litigation claims that the Registration Statement and Prospectus (collectively, the "Offering Documents") issued in connection with Kosmos' IPO contained materially false and misleading statements about the performance and expected production of an oil field off the shore of Ghana known as the "Jubilee Field" in violation of §11, §12(a)(2) and §15 of the Securities Act of 1933. All Defendants deny they did anything wrong or that Lead Plaintiff or other Members of the Settlement Class suffered any damage.

| 3. | **Why is this a class action?** |
|---|---|

In a class action, one or more people called plaintiffs (in this case the Nursing Homes and Related Industries Pension Plan, which was appointed by the Court as Lead Plaintiff, and George M. Mounger) sue on behalf of people who have similar claims.  Here, all these people are called the Settlement Class or Settlement Class Members.  One court resolves the issues for all Settlement Class Members, except for those who timely and validly exclude themselves from the Settlement Class.

| 4. | Why is there a settlement? |

The Court did not decide in favor of Lead Plaintiff or Defendants. Instead, all parties agreed to a Settlement with the assistance of Judge Layn R. Phillips (Ret.), an experienced and highly respected mediator of complex actions like this. By agreeing to a Settlement, the parties avoid the cost and uncertainty of further litigation and a trial (including any appeals) and allow eligible Settlement Class Members who submit valid claims to receive a payment. Plaintiffs and their attorneys believe the Settlement is in the best interest of the Settlement Class.

## WHO IS IN THE SETTLEMENT?

To see if you will receive money from this Settlement, you first have to determine if you are a Settlement Class Member.

| 5. | How do I know if I am part of the Settlement? |

The Settlement Class includes all Persons who purchased Kosmos common stock issued pursuant or traceable to the Registration Statement and Prospectus utilized in connection with Kosmos' IPO from May 10, 2011 through and including January 10, 2012 and were damaged thereby.

| 6. | What are the exceptions to being included? |

You are not a Settlement Class Member if you are a Defendant, Blackstone, Warburg and each of their respective Related Parties (as defined in ¶1.21 of the Stipulation). You are also not a Settlement Class Member if you timely and validly request exclusion from the Settlement Class pursuant to this Notice.

| 7. | I'm still not sure if I am included. |

If you are still not sure if you are included, you can ask for free help. You can call Rick Nelson of Robbins Geller Rudman & Dowd LLP at 1-800-449-4900 or visit www.kosmossecuritiessettlement.com for more information.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8. | What does the Settlement provide? |

Defendants have agreed to pay $10,200,000 in cash. The balance of this fund after payment of Court-approved attorneys' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice (the "Net

Settlement Fund") will be divided among all eligible Settlement Class Members who send in valid claim forms.

| 9. | How much will my payment be? |
|---|---|

Your share of the fund will depend on the number of shares of Kosmos common stock represented by valid claim made by Members of the Settlement Class and the amount of those claims, the number of shares of Kosmos common stock you held, and when you bought and sold them. Assuming that all of the investors who purchased Kosmos common stock between May 10, 2011 and January 10, 2012 issued pursuant to, or traceable to, the Registration Statement and Prospectus utilized in Kosmos' IPO and suffered damages therefrom participate in this Settlement, Lead Plaintiff's Counsel estimate that the estimated average distribution will be approximately $0.30 per share of Kosmos common stock before the deduction of Court-approved fees and expenses, as described in Question 17 below (estimated to be approximately $0.07 per share), and the cost of notice and claims administration. Historically, less than all eligible investors submit claims, resulting in higher average distributions per share.

The Settlement Fund less taxes, notice and administration costs, attorneys' fees, and litigation expenses ("Net Settlement Fund") will be distributed to Settlement Class Members who submit valid, timely Proof of Claim and Release forms ("Claimants") under the Plan of Allocation (the "Plan") described below. The Plan provides that Claimants will be eligible to participate in the distribution of the Net Settlement Fund only if Claimants have a net investment loss.

To the extent there are sufficient funds in the Net Settlement Fund, each Claimant will receive an amount equal to the Claimant's "Claim," as defined below. If, however (and as is more likely), the amount in the Net Settlement Fund is not sufficient to permit payment of the total Claim of each Claimant, then each Claimant shall be paid the percentage of the Net Settlement Fund that each Claimant's claim bears to the total of the claims of all Claimants. Payment in this manner shall be deemed conclusive against all Claimants.

The Plan has been prepared by Lead Plaintiff's Counsel with the assistance of a damages consultant. Defendants do not agree with the characterization that any damages were suffered by Lead Plaintiff or the Settlement Class.

The calculation of claims below is not an estimate of the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. A claim will be calculated as follows:

For shares of Kosmos common stock issued pursuant or traceable to the Company's Registration Statement and Prospectus which were acquired between May 10, 2011 through and including January 10, 2012, and

1) sold on or prior to January 10, 2012, the claim per share is the Purchase Price per share (not to exceed $18 per share, the IPO price) less the Sales Price per share.

2)      retained at the close of trading on January 10, 2012 and/or sold after January 10, 2012, the claim per share is the Purchase Price per share (not to exceed $18 per share, the IPO price) less $14.21 (the closing price of Kosmos stock on the date the lawsuit was filed).

The First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, and sales for purposes of calculating a claim.  Investment gains achieved in connection with transactions in Kosmos common stock will be offset against losses suffered in connection with transactions in Kosmos common stock in calculating Claimants' losses.  Although short sales will have no recognized loss under the Plan, any recognized gain attributable to such short sales will be used to offset recognized losses from other transactions.  Furthermore, market gains or losses attributable to short sales will be calculated as part of the market gain or loss calculation.

Kosmos common stock acquired by means of a gift, inheritance, or operation of law shall only be considered if the shares in question were issued pursuant to, or traceable to, the Registration Statement and Prospectus utilized in Kosmos' IPO by the donor, decedent, or transferor, and the donor, decedent, or transferor does not submit a claim form with respect to the shares.  In such instances, the recipient must provide documentation of the original purchase in addition to the transfer.

Payment pursuant to the Plan shall be conclusive against all Claimants.  No Person shall have any claim against Lead Plaintiff's Counsel, Lead Plaintiff, the Claims Administrator, Defendants and their Related Parties, or any Person designated by Lead Plaintiff's Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan, or further order(s) of the Court.  No Settlement Class Member shall have any claim against Defendants for any Released Claims.  All Settlement Class Members who fail to complete and file a valid and timely Proof of Claim and Release form shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

### HOW YOU OBTAIN A PAYMENT – SUBMITTING A PROOF OF CLAIM FORM

**10.      How will I obtain a payment?**

To qualify for payment, you must be an eligible Settlement Class Member, send in a valid claim form, and properly document your claim as requested in the claim form.  A claim form is enclosed with this Notice.      You may also obtain a Proof of Claim form at www.kosmossecuritiessettlement.com.  Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than _____, 2014.

**11.      When will I receive my payment?**

The Court will hold a hearing on _____, 2014 to decide whether to approve the Settlement.  If Judge Boyle approves the Settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps several years.

Everyone who sends in a claim form will be informed of the determination with respect to their claim.  Please be patient.

| **12.** | **What am I giving up to receive a payment or stay in the Settlement Class?** |
|---|---|

Unless you timely and validly exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the Released Claims in this case.  It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in this case against the Defendants.  The terms of the release are included in the enclosed claim form.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue or continue to sue the Defendants on your own for the Released Claims in this case, then you must take steps to get out of the Settlement Class.  This is called excluding yourself or is sometimes referred to as opting out of the Settlement Class.

| **13.** | **How do I get out of the Settlement Class?** |
|---|---|

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from the class in *In re Kosmos Energy Ltd Securities Litigation*, Consolidated Civil Action No. 3:12-cv-373-B.  You must provide the following information: (a) name; (b) address; (c) telephone number; (d) amount of Kosmos common stock purchased between May 10, 2011 and January 10, 2012, inclusive and/or sold at any time after May 10, 2011; (e) prices paid or received for such stock; (f) the date of each purchase or sale transaction; and (g) a statement that you wish to be excluded from the Settlement Class.  **You must mail your exclusion request postmarked no later than _____, 2014 to:**

*Kosmos Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA  94912-8040

You cannot exclude yourself on the phone or by e-mail.  If you ask to be excluded, you will not receive any settlement payment, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit.

| **14.** | **If I do not exclude myself, can I sue Defendants for the same thing later?** |
|---|---|

No.  Unless you timely and validly exclude yourself, you give up any right to sue the Defendants for the Released Claims in this Settlement.  If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately.  **Remember, the exclusion deadline is _____, 2014.**

**Questions?  Call toll free 1-800-449-4900 or visit www.kosmossecuritiessettlement.com**     8

**15.    If I exclude myself, can I receive money from this Settlement?**

No.  If you exclude yourself, do not send in a Proof of Claim form.  But, you may be able to sue, continue to sue, or be part of a different lawsuit against Defendants.

## THE LAWYERS REPRESENTING YOU

**16.    Do I have a lawyer in this case?**

Yes.  The Court appointed Robbins Geller Rudman & Dowd LLP to represent you and other Settlement Class Members.  These lawyers are called Lead Counsel.  You will not be charged directly for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.    How will the lawyers be paid?**

In the two years that this Litigation has been pending, Lead Counsel have not been paid for their services on behalf of Lead Plaintiff and the Settlement Class, nor for their substantial expenses.  The fee requested is to compensate Lead Counsel for their work investigating the facts, litigating the case over the past two years, and negotiating the Settlement.

Lead Plaintiff's counsel will ask the Court to approve the reimbursement of expenses actually incurred of no more than $275,000 and a payment of no more than 22.5% of the Settlement Fund for attorneys' fees.  The fee requested is well within the range of fees awarded to class counsel in similar cases.  Lead Counsel may also seek the Court's approval to award the Lead Plaintiff reasonable costs and expenses directly relating to the representation of the Settlement Class in an amount not to exceed $18,000.  The Court may award less than these amounts.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

**18.    How do I tell the Court that I do not like the Settlement?**

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it.  You can state the reasons why you think the Court should not approve any of the relief sought. The Court will consider your views.  To object, you must send a letter saying that you object to the Settlement in *In re Kosmos Energy Ltd Securities Litigation*, Consolidated Civil Action No. 3:12-cv-373-B.  Be sure to include your name, address, telephone number, your signature, the number of shares of Kosmos common stock purchased on or between May 10, 2011 and January 10, 2012 and the reason(s) why you object to the Settlement.  **Mail the objection to the Court, Lead Counsel and Defense Counsel in time for it to be received no later than _____, 2014:**

| COURT | LEAD COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION<br>Earle Cabell Federal Building and United States Courthouse<br>1100 Commerce Street<br>Room 1452<br>Dallas, TX 75242 | X. Jay Alvarez<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>655 West Broadway<br>Suite 1900<br>San Diego, CA  92101 | Daniel H. Charest<br>SUSMAN GODFREY LLP<br>901 Main Street<br>Suite 5100<br>Dallas, TX  75205 |
| | | Brian M. Lutz<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>47th Floor<br>New York, NY  10166 |

### 19.    What's the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object *only* if you stay in the Settlement Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against Defendants.  If you exclude yourself, you cannot object to the Settlement because it does not affect you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement.  You may attend and you may ask to speak, but you do not have to.

### 20.    When and where will the Court decide whether to approve the Settlement?

The Court will hold a fairness hearing at __:__ __.m., on _____, 2014, before the Honorable Jane J. Boyle at the U.S. District Court for the Northern District of Texas, Dallas Division, Earle Cabell Federal Building and United States Courthouse, 1100 Commerce Street, Courtroom 1516, Dallas, Texas.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  Judge Boyle will listen to people who have asked to speak at the hearing.  The Court will also consider whether to approve the fee and expense requests.  The Court may decide the issues at the hearing or take them under consideration.  We do not know how long these decisions will take.

### 21.    Do I have to come to the hearing?

No.  Lead Counsel will answer questions Judge Boyle may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As

long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

| 22. | May I speak at the hearing? |
|-----|------------------------------|

You may ask the Court for permission to speak at the fairness hearing.  To do so, you must send a letter saying that it is your intention to appear in *In re Kosmos Energy Ltd Securities Litigation*, Consolidated Civil Action No. 3:12-cv-373-B.  Be sure to include your name, address, telephone number, the number of shares of Kosmos common stock purchased on or between May 10, 2011 and January 10, 2012, and your signature.  **Your notice of intention to appear must be received no later than _____, 2014, by the Clerk of the Court, Lead Counsel, and one of Defendants' Counsel**, at the addresses listed above in Question 18.

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

## IF YOU DO NOTHING

| 23. | What happens if I do nothing at all? |
|-----|---------------------------------------|

If you do nothing, you will not receive any money from this Settlement.  In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the Released Claims in this case.

## GETTING MORE INFORMATION

| 24. | Are there more details about the Settlement? |
|-----|-----------------------------------------------|

This Notice summarizes the proposed Settlement.  More details are in the Stipulation of Settlement dated as of _____, 2014.  You can obtain a copy of the Stipulation of Settlement by writing to or calling Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900 or from the Clerk's office at the United States District Court for the Northern District of Texas, Dallas Division, 1100 Commerce Street, Room 1452, Dallas, TX 75242 during regular business hours.  The Stipulation may also be downloaded at www.kosmossecuritiessettlement.com.

| 25. | How do I get more information? |
|-----|--------------------------------|

You can call 1-800-449-4900 or write to Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 or visit www.kosmossecuritiessettlement.com.

## SPECIAL NOTICE TO NOMINEES

The Court has ordered that if you held any Kosmos common stock purchased on or between May 10, 2011 and January 10, 2012 as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

*Kosmos Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA  94912-8040

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

***DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE***

DATED: _____, 2014          BY ORDER OF THE COURT
                                       UNITED STATES DISTRICT COURT
                                       NORTHERN DISTRICT OF TEXAS
                                       DALLAS DIVISION

EXHIBIT A-2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| In re KOSMOS ENERGY LTD SECURITIES LITIGATION | § § § | Consolidated Civil Action No. 3:12-cv-373-B |
| | § | CLASS ACTION |
| This Document Relates To: | § § | |
| ALL ACTIONS. | § § § | |

**PROOF OF CLAIM AND RELEASE**

**EXHIBIT A-2**

## I.      GENERAL INSTRUCTIONS

1.      To recover as a Member of the Settlement Class based on your claims in the action

entitled *In re Kosmos Energy Ltd. Securities Litigation*, Consolidated Civil Action No. 3:12-cv-373-

B (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and

Release.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim

and Release, your claim may be rejected and you may be precluded from any recovery from the Net

Settlement Fund created in connection with the proposed settlement of the Litigation.

2.      Submission of this Proof of Claim and Release, however, does not assure that you

will share in the proceeds of settlement in the Litigation.

3.      YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM

AND RELEASE POSTMARKED ON OR BEFORE _____, 2014, ADDRESSED AS

FOLLOWS:

> *Kosmos Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

If you are NOT a Member of the Settlement Class, as defined below and in the Notice of Pendency

and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim and Release

form.

4.      If you are a Member of the Settlement Class and you do not timely and validly

request exclusion from the Settlement Class, you are bound by the terms of any judgment entered in

the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A

PROOF OF CLAIM AND RELEASE FORM.

PROOF OF CLAIM AND RELEASE

## II.    DEFINITIONS

1.      "Individual Defendants" means Brian F. Maxted, W. Greg Dunlevy, Sylvia Manor, John R. Kemp III, David I. Foley, Jeffrey A. Harris, David B. Krieger, Prakash A. Melwani, Adebayo O. Ogunlesi, Chris Tong, and Christopher A. Wright.

2.      "Kosmos" means Kosmos Energy Ltd.

3.      "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

4.      "Related Parties" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, attorneys, accountants or auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, affiliates, joint ventures, other underwriters in the underwriting syndicate for the Kosmos IPO identified in the Litigation, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of any Individual Defendant's immediate family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant's family.

5.      "Released Claims" means any and all claims (including "Unknown Claims" as defined below), causes of action, rights, actions, suits, obligations, debts, demands, judgments, agreements, promises, liabilities, damages, losses, controversies, costs, expenses or attorneys' fees, of every nature and description whatsoever that were, may have been, or could have been asserted in the Litigation, whether direct, indirect, now known or unknown, suspected or unsuspected, accrued or unaccrued, in law or in equity whether having arisen or yet to arise, including, without limitation, any claims of violations of federal or state securities laws and any federal or state claims of fraud,

- 2 -

PROOF OF CLAIM AND RELEASE

intentional misrepresentation, negligent misrepresentation, negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, breach of fiduciary duty, unjust enrichment, abuse of control, mismanagement, waste of corporate assets, or violations of any state or federal statutes, rules or regulations, that have been or could have been alleged or asserted now or in the future by the Plaintiffs or any Settlement Class Member against the Released Persons, or any of them in the Litigation or in any other court action or before any administrative body, tribunal, arbitration panel, or other adjudicatory body, arising out of or relating in any way to, or in connection with both (a) the purchase of Kosmos common stock during the Settlement Class Period, and (b) any of the acts, facts, transactions, events, occurrences, disclosures, statements, omissions, or failures to act or matters set forth, referred to, or alleged, or that could have been set forth, referred to, or alleged (whether known or unknown) in the Litigation.  The Released Claims do not include claims to enforce the Settlement.

6.      "Released Persons" means each and all of the Defendants, the Blackstone Group L.P. ("Blackstone") and Warburg Pincus LLC ("Warburg") and each of their respective Related Parties.

7.      "Settlement Class," "Settlement Class Member," or "Members of the Settlement Class" means all Persons who purchased Kosmos common stock issued pursuant or traceable to the Registration Statement and Prospectus utilized in connection with Kosmos' IPO from May 10, 2011 through and including January 10, 2012 and were damaged thereby.  Excluded from the Class are Defendants, Blackstone, Warburg, and any of their respective Related Parties, and any Person who timely and validly seeks exclusion from the Settlement Class.

8.      "Settlement Class Period" means May 10, 2011 to January 10, 2012, inclusive.

9.      "Underwriter Defendants" means Citigroup Global Markets Inc., Barclays Capital Inc., Credit Suisse Securities (USA) LLC, BNP Paribas Securities Corp., SG Americas Securities LLC, Credit Agricole Securities (USA) Inc., Scotia Capital (USA) Inc. (f/k/a Howard Weil

PROOF OF CLAIM AND RELEASE

Incorporated), HSBC Securities (USA) Inc., Jefferies & Company, Inc., Natixis Securities Americas LLC (f/k/a Natixis Bleichroeder LLC), and RBC Capital Markets LLC.

10.    "Unknown Claims" means any Released Claims which the Plaintiffs or any Settlement Class Member, as of the Effective Date, does not know or suspect to exist in his, her or its favor, whether direct, indirect, or derivative, including those which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Plaintiffs shall expressly waive and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Plaintiffs shall expressly waive and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law that is similar, comparable or equivalent to California Civil Code §1542, or that might otherwise operate to bar or limit the release of Unknown Claims.  Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Plaintiffs  shall expressly release and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, expressly, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected,

- 4 -

contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to and notwithstanding the subsequent discovery or existence of such different or additional facts.  The Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## III.  CLAIMANT IDENTIFICATION

1. If you purchased Kosmos common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2. Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the Kosmos common stock that form the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF THE KOSMOS COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3. All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

- 5 -

IV.    **CLAIM FORM**

1.      Use Part II of this form entitled "Schedule of Transactions in Kosmos Common Stock" to supply all required details of your transaction(s) in Kosmos common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to ***all*** of your purchases of Kosmos common stock that took place at any time on or between and including May 10, 2011, and January 10, 2012 (the "Settlement Class Period"), and ***all*** of your sales of Kosmos common stock that took place at any time on or between and including May 10, 2011 through the present, whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

3.      List each transaction in the Settlement Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

4.      Copies of broker confirmations or other documentation of your transactions in Kosmos common stock should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

5.      The above requests are designed to provide the minimum amount of information necessary to process the simplest claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses.  In the event the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Settlement Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the claimant's responsibility for any increased costs due to the nature and/or scope of the claim.

- 6 -

PROOF OF CLAIM AND RELEASE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

*In re Kosmos Energy Ltd Securities Litigation*

Consolidated Civil Action No. 3:12-cv-373-B

PROOF OF CLAIM AND RELEASE

Must Be Postmarked No Later Than:

_____, 2014

Please Type or Print

PART I:        CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____        _____

City                                          State                Zip Code

_____        _____

Foreign Province                        Foreign Country

_____        _____        Individual

Social Security Number or
Taxpayer Identification Number    _____        Corporation/Other

_____        _____ (work)

Area Code                               Telephone Number

_____        _____ (home or cell)

Area Code                               Telephone Number

_____

E-Mail Address

_____

Record Owner's Name (if different from beneficial owner listed above)

- 7 -

PROOF OF CLAIM AND RELEASE

PART II:        SCHEDULE OF TRANSACTIONS IN KOSMOS COMMON STOCK

 A. Purchases of Kosmos common stock (May 10, 2011 – January 10, 2012, inclusive):

| Trade Date<br>Mo.  Day  Year | Number of<br>Shares Purchased | Total<br>Purchase Price* |
|---|---|---|
| 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ |

 * excluding commissions, transfer taxes or other fees

 B. Sales of Kosmos common stock (May 10, 2011 – present, inclusive):

| Trade Date<br>Mo.  Day  Year | Number of<br>Shares<br>Sold | Total<br>Sales Price* |
|---|---|---|
| 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ |

 * excluding commissions, transfer taxes or other fees

 C. Number of shares of Kosmos common stock currently held: _____.

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

YOU MUST READ AND SIGN THE RELEASE ON PAGE _____.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.

PROOF OF CLAIM AND RELEASE

**V.      SUBMISSION TO JURISDICTION OF COURT AND
        ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of

Settlement dated as of April 28, 2014 ("Stipulation") described in the Notice.  I (We) also submit to

the jurisdiction of the United States District Court for the Northern District of Texas, with respect to

my (our) claim as a Settlement Class Member (as defined in the Notice) and for purposes of

enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and

subject to the terms of any judgment that may be entered in the Litigation.  I (we) agree to furnish

additional information to Lead Counsel and/or the Claims Administrator to support this claim if

required to do so.  I (we) have not submitted any other claim covering the same purchases or sales of

Kosmos common stock during the Settlement Class Period and know of no other Person having done

so on my (our) behalf.

**VI.      RELEASE**

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully,

finally, and forever settle, release, relinquish, and discharge, all of the Released Claims (including

Unknown Claims) against each and all of the Released Parties, all as defined herein and in the

Notice and Stipulation.

2.      This release shall be of no force or effect unless and until the Court approves the

Stipulation and it becomes effective on the Effective Date.

3.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or

purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this

release or any other part or portion thereof.

PROOF OF CLAIM AND RELEASE

4.      I (We) hereby warrant and represent that I (we) have included all requested information about all of my (our) purchases of Kosmos common stock during the Settlement Class Period as well as sales of Kosmos common stock between May 10, 2011 through the present.

5.      The number(s) shown on this form is (are) the correct SSN/TIN(s).

6.      I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

(NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 6 above.)

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____,
                                              (Month/Year)

in _____, _____.
       (City)                              (State/Country)


_____
(Sign your name here)


_____
(Type or print your name here)


_____
(Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser or Acquirer,
Executor or Administrator)


- 10 -

ACCURATE CLAIMS PROCESSING TAKES A

SIGNIFICANT AMOUNT OF TIME.

THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

    1.      Please sign the above release and declaration.

    2.      Remember to attach copies of supporting documentation, if available.

    3.      Do not send original stock certificates.

    4.      Keep a copy of your claim form for your records.

    5.      If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

    6.      If you move, please send us your new address.

PROOF OF CLAIM AND RELEASE

EXHIBIT A-3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| In re KOSMOS ENERGY LTD SECURITIES LITIGATION | § § § | Consolidated Civil Action No. 3:12-cv-373-B |
| | § | CLASS ACTION |
| | § | |
| This Document Relates To: | § § | |
| ALL ACTIONS. | § § | |
| | § | |

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT**

**EXHIBIT A-3**

***IF YOU PURCHASED KOSMOS ENERGY LTD ("KOSMOS") COMMON STOCK ISSUED PURSUANT TO OR TRACEABLE TO THE REGISTRATION STATEMENT AND PROSPECTUS UTILIZED IN CONNECTION WITH KOSMOS' INITIAL PUBLIC OFFERING ("IPO") FROM MAY 10, 2011 THROUGH AND INCLUDING JANUARY 10, 2012 AND WERE DAMAGED THEREBY (THE "SETTLEMENT CLASS"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT. CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE SETTLEMENT CLASS AS SET FORTH IN THE STIPULATION OF SETTLEMENT.***

PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and Order of the United States District Court for the Northern District of Texas, that the above-captioned litigation (the "Litigation") has been preliminarily certified as a class action for the purposes of settlement only and that a Settlement has been proposed for $10,200,000 in cash.  A hearing will be held on _____, 2014, at ___ _.m., before the Honorable Jane J. Boyle at the Earle Cabell Federal Building and United States Courthouse, 1100 Commerce Street, Courtroom 1516, Dallas, Texas, for the purpose of determining whether: (1) the proposed Settlement should be approved by the Court as fair, reasonable and adequate; (2) the proposed Plan of Allocation for distribution of the settlement proceeds is fair, reasonable and adequate and therefore should be approved; and (3) the application of Lead Plaintiff's counsel for the payment of attorneys' fees and expenses, including Lead Plaintiff's expenses incurred in connection with the Litigation, should be approved.

If you are a Member of the Settlement Class described above, your rights may be affected by the Settlement of the Litigation and you may be entitled to share in the Settlement Fund.  If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release, you may obtain a copy of these documents by contacting

- 1 -
SUMMARY NOTICE OF PENDENCY OF CLASS ACTION
AND PROPOSED SETTLEMENT

the Claims Administrator: *Kosmos Securities Litigation*, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040, 1-877-289-2663.  You may also obtain copies of the Stipulation, Notice and Proof of Claim and Release at www.kosmossecuritiessettlement.com.

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release postmarked no later than _____, 2014.  If you are a Settlement Class Member and do not submit a valid Proof of Claim and Release, you will not be eligible to share in the distribution of the Net Settlement Fund but you will still be bound by any judgment entered by the Court in this Litigation (including the releases provided for therein).

To exclude yourself from the Settlement Class, you must submit a written request for exclusion postmarked by _____, 2014, and in accordance with the instructions set forth in the Notice.  If you are a Settlement Class Member and do not exclude yourself from the Settlement Class, you will be bound by any judgment entered by the Court in this Litigation (including the releases provided for therein), whether or not you submit a Proof of Claim and Release.  If you submit a written request for exclusion, you will have no right to recover money pursuant to the Settlement.

Any objection to the proposed Settlement must be filed with the Court and delivered such that it is received by each of the following no later than _____, 2014:

SUMMARY NOTICE OF PENDENCY OF CLASS ACTION
AND PROPOSED SETTLEMENT

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION
Earle Cabell Federal Building and United States Courthouse
1100 Commerce Street, Room 1452
Dallas, TX 75242

*Counsel for the Lead Plaintiff*:

ROBBINS GELLER RUDMAN
   & DOWD LLP
X. JAY ALVAREZ
655 West Broadway, Suite 1900
San Diego, CA  92101

*Counsel for Kosmos and the Individual Defendants*:

SUSMAN GODFREY LLP
DANIEL H. CHAREST
901 Main Street, Suite 5100
Dallas, TX  75205

*Counsel for the Underwriter Defendants:*

GIBSON, DUNN & CRUTCHER LLP
BRIAN M. LUTZ
200 Park Avenue, 47th Floor
New York, NY  10166

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING**

**THIS NOTICE.**  If you have any questions about the settlement, you may contact Lead Counsel at

the address listed above or by calling 1-800-449-4900.


DATED: _____                BY ORDER OF THE COURT
                                                  UNITED STATES DISTRICT COURT
                                                  NORTHERN DISTRICT OF TEXAS
                                                  DALLAS DIVISION

SUMMARY NOTICE OF PENDENCY OF CLASS ACTION
AND PROPOSED SETTLEMENT

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 28, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 28, 2014.

s/ DARREN J. ROBBINS
DARREN J. ROBBINS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:DRobbins@rgrdlaw.com

# Mailing Information for a Case 3:12-cv-00373-B

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **X Jay Alvarez**
  JayA@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Theodore Carl Anderson , III**
  tca@kilgorelaw.com,pam@kilgorelaw.com

- **Robert M Behrendt**
  rmb@kilgorelaw.com,ddb@kilgorelaw.com

- **Willie Briscoe**
  wbriscoe@thebriscoelawfirm.com

- **Warren T Burns**
  wburns@susmangodfrey.com,eehrenfeld@susmangodfrey.com

- **Daniel H Charest**
  dcharest@susmangodfrey.com,rlicon@susmangodfrey.com

- **Deborah Clark-Weintraub**
  dweintraub@scott-scott.com,edewan@scott-scott.com,efile@scott-scott.com

- **Amber L Eck**
  Ambere@zhlaw.com

- **Carol E Farquhar**
  carolf@lfdlaw.com,betsya@lfdlaw.com

- **William B Federman**
  wbf@federmanlaw.com,ngb@federmanlaw.com,law@federmanlaw.com

- **Jim L Flegle**
  jimf@lfdlaw.com,dylans@lfdlaw.com,coreyw@lfdlaw.com,lisaf@lfdlaw.com,monicaj@lfdlaw.com

- **Lionel Z Glancy**
  lglancy@glancylaw.com,dmacdiarmid@glancylaw.com,mmgoldberg@glancylaw.com,info@glancylaw.com,rprongay@glancylaw.com

- **Katherine L I Hacker**
  khacker@susmangodfrey.com,rlicon@susmangodfrey.com

- **David J Harris**
  dharris@rgrdlaw.com

- **Zenobia V Harris**
  zharris@susmangodfrey.com,cgreer@susmangodfrey.com

- **Andrew Eric Jackson**
  ajackson@velaw.com,schiniara@velaw.com

- **James I Jaconette**
  jamesj@rgrdlaw.com,e_file_sd@rgrdlaw.com,ldeem@rgrdlaw.com

- **Geoffrey Johnson**
  gjohnson@scott-scott.com,aslaughter@scott-scott.com

- **Julie A Kearns**
  jkearns@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Joe Kendall**
  administrator@kendalllawgroup.com,jkendall@kendalllawgroup.com

- **Veronica S Lewis**
  VLewis@gibsondunn.com,CFitzgerald@gibsondunn.com

- **Hamilton Philip Lindley**
  hlindley@deanslyons.com,dstephenson@deanslyons.com

- **Brian M Lutz**
  BLutz@gibsondunn.com

- **James A Maro**
  jmaro@ktmc.com,pleadings@ktmc.com

- **Tricia L McCormick**
  triciam@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jamie Jean McKey**
  jmckey@kendalllawgroup.com,bgribble@kendalllawgroup.com,administrator@kendalllawgroup.com

- **Danielle S Myers**
  danim@rgrdlaw.com

- **Lucas F Olts**
  lolts@rgrdlaw.com,stremblay@rgrdlaw.com

- **Terrell W Oxford**
  toxford@susmangodfrey.com,kswecker@susmangodfrey.com

- **Layn R Phillips**
  lphillips@irell.com,adr@irell.com

- **Darren J Robbins**
  e_file_sd@rgrdlaw.com,stremblay@rgrdlaw.com

- **Matthew R Stammel**
  mstammel@velaw.com,schiniara@velaw.com

- **Stephen D Susman**
  ssusman@susmangodfrey.com,jmccrary@susmangodfrey.com

- **John C Wander**
  jwander@velaw.com,sadavis@velaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Brian F Maxted
901 Main Street
Suite 5100
Dallas, TX 75202
```