UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| In re KOSMOS ENERGY LTD SECURITIES LITIGATION | § Consolidated Civil Action No. 3:12-cv-373-B § § <u>CLASS ACTION</u> |
| This Document Relates To:<br><br>ALL ACTIONS. | § § § § § § § |

**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a consolidated class action is pending before the Court captioned *In re Kosmos Energy Ltd Securities Litigation*, Consolidated Civil Action No. 3:12-cv-373-B (the "Litigation");

WHEREAS, the Court has received the Stipulation of Settlement dated as of April 28, 2014 (doc. 149) (the "Stipulation"), that has been entered into by the Plaintiffs (on behalf of themselves and each of Settlement Class Members) and Defendants, and the Court has reviewed the Stipulation and its attached Exhibits;

WHEREAS, the Parties having made a joint application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto sets forth the terms and conditions for the Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all terms with initial capitalization contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. After a preliminary review, the Settlement appears to be fair, reasonable, adequate, and in the best interests of the Settlement Class. The Settlement: (a) resulted from extensive arm's-length negotiations; and (b) is sufficient to warrant (i) notice thereof as set forth below; and (ii) a full hearing on the Settlement. Accordingly, the Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2. A hearing (the "Final Approval Hearing") shall be held before this Court on September 24, 2014, at 2:00 p.m., at the Earle Cabell Federal Building and United States

Courthouse, 1100 Commerce Street, Courtroom 1516, Dallas, Texas 75242, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, just, reasonable and adequate to the Settlement Class Members and should be approved by the Court; whether a Judgment as provided in ¶1.11 and ¶8.1(d) of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of attorneys' fees and expenses that should be awarded to Lead Plaintiff's counsel and the amount that Lead Plaintiff should be awarded for its expenses, including lost wages. The Court may continue or adjourn the Final Approval Hearing without further notice to Settlement Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating the Settlement, a Settlement Class defined as "all Persons who purchased Kosmos common stock issued pursuant or traceable to the Registration Statement and Prospectus utilized in connection with Kosmos' IPO from May 10, 2011 through and including January 10, 2012 and were damaged thereby. Excluded from the Class are Defendants, Blackstone, Warburg, and any of their respective Related Parties, and any Person who timely and validly seeks exclusion from the Settlement Class."

4. With respect to the Settlement Class, this Court preliminarily finds for purposes of effectuating the Settlement that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual question; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement

Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

5. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim and Release"), and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶ 6-7 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6. The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) The Claims Administrator shall make reasonable efforts to identify all Persons who are Members of the Settlement Class, and not later than May 19, 2014 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Settlement Class Members who can be identified with reasonable effort;

(b) Not later than May 29, 2014, the Claims Administrator shall cause the Summary Notice, substantially in the form annexed hereto as Exhibit A-3, to be published once in *Investor's Business Daily* and transmitted once over a national newswire service;

(c) Not later than the Notice Date, the Claims Administrator shall post the Stipulation and all of its Exhibits on a case dedicated website, www.kosmossecuritiessettlement.com, which will be set forth in the Notice; and

(d) At least seven (7) calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

7. Nominees who purchased the common stock of Kosmos for the beneficial ownership of Settlement Class Members during the Settlement Class Period shall send the Notice and the Proof of Claim and Release to all beneficial owners of such securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable costs incurred in providing notice to beneficial owners who are Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

8. All Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

9. Any Member of the Settlement Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

10. Settlement Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim and Release in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim and Release must be submitted no later than ninety (90) days from the Notice Date. Any Settlement Class Member who does not timely submit a Proof of Claim and Release within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall in all respects be bound by the release contained in the Stipulation and Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

11. Any Settlement Class Member may, upon request, be excluded from the Settlement Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than July 3, 2014. A Request for Exclusion must provide the following information to the Claims Administrator: (a) name; (b) address; (c) telephone number; (d) amount of Kosmos common stock purchased during the Settlement Class Period and/or sold (or otherwise disposed of) at any time after May 10, 2011; (e) prices paid or received for such stock; (f) the date of each purchase or sale transaction; and (g) a statement that the Person wishes to be excluded from the Settlement Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation. Unless otherwise ordered by the Court, any Settlement Class Member who does not submit a valid and timely written Request for Exclusion as provided by this paragraph shall be bound by the Stipulation.

12. Any Member of the Settlement Class may appear and show cause if he, she or it has any reason why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why the Judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why Lead Counsel's request for an award of attorneys' fees and expenses including Lead Plaintiff's expenses as provided for by 15 U.S.C. §77z-1(a)(4) should or should not be awarded; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or the Judgment to be entered thereon unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are received on or before July 3, 2014, by Robbins Geller Rudman & Dowd LLP, X. Jay Alvarez, 655 West Broadway, Suite 1900, San Diego, CA 92101; and Susman Godfrey LLP, Daniel H. Charest, 901 Main Street, Suite 5100, Dallas, TX 75205; Gibson, Dunn & Crutcher LLP, Brian M. Lutz, 200 Park Avenue, 47th Floor, New York, NY 10166, and filed said objections, papers and briefs with the Clerk of the United States District Court for the Northern District of Texas, Dallas Division, on or before July 3, 2014. Any Settlement Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, including Lead Plaintiff's expenses, unless otherwise ordered by the Court.

13. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

14. All papers in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for an award of attorneys' fees or expenses, including Lead Plaintiff's request for payment of its expenses as provided for by 15 U.S.C. §77z-1(a)(4) shall be filed and served on or before June 23, 2014. Any reply briefs and supporting documents shall be filed and served on or before September 17, 2014.

15. Neither the Released Persons nor Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Plaintiff's counsel or the Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

16. At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, any application for attorneys' fees or expenses, and any application for an award of Lead Plaintiff's expenses, including lost wages pursuant to 15 U.S.C. §77z-1(a)(3)(4), shall be approved.

17. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶¶ 2.6 or 2.7 of the Stipulation.

18. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

19. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider

all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

DATED: May 5, 2014

_____
THE HONORABLE JANE J. BOYLE
UNITED STATES DISTRICT JUDGE