UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| In re KOSMOS ENERGY LTD SECURITIES LITIGATION § § § § This Document Relates To: § § ALL ACTIONS. § § § | Consolidated Civil Action No. 3:12-cv-373-B <br><br> <u>CLASS ACTION</u> |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing pursuant to the Order of this Court, dated May 5, 2014, on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated April 28, 2014 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in the Order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise stated herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating the Settlement, a Settlement Class defined as all Persons who purchased Kosmos common stock issued pursuant or traceable to the Registration Statement and Prospectus utilized in connection with Kosmos' IPO from May 10, 2011 through and including January 10, 2012 and were damaged thereby. Excluded from the Class are Defendants, Blackstone, Warburg, and any of their respective Related Parties, and any Person who timely and validly seeks exclusion from the Settlement Class.

4. With respect to the Settlement Class, this Court finds for the purposes of effectuating the Settlement that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) the Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Settlement Class Members; and

(e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies Plaintiffs as representatives of the Settlement Class. Lead Counsel is also certified as counsel to Plaintiffs and the Settlement Class in the Litigation.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class.

7. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Settlement Class (identified in Exhibit 1 hereto), the Litigation and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Plaintiffs and the other Settlement Class Members, and as against each and all of the Released Persons. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

8. The Court finds that the Settlement is fair, just, reasonable and adequate as to each of the Members of the Settlement Class, and that the Settlement is hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

9. Upon the Effective Date, the Plaintiffs, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished, dismissed and discharged all Released Claims (including Unknown Claims)

against the Released Persons with prejudice on the merits, whether or not the Plaintiffs or such Settlement Class Member executes and delivers the Proof of Claim and Release, and whether or not the Plaintiffs or each of the Settlement Class Members ever seeks or obtains any distribution from the Settlement Fund.

10. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged the Plaintiffs, each and all of the Settlement Class Members and their attorneys (including, without limitation, Lead Counsel), employees, heirs, successors, and assigns from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

11. Upon the Effective Date, Plaintiffs and all Settlement Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administration forum, or other forum of any kind, asserting any of the Released Claims against any of the Released Persons.

12. The distribution of the Notice and publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Settlement Class Members who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable law, including the Private Securities Litigation Reform Act of 1995.

13. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

14. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Settlement.

16. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall

be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18.  The Settling Parties shall bear their own costs and expenses, except as otherwise provided in the Stipulation or in this Judgment.

IT IS SO ORDERED.

DATED: 9/24/14

THE HONORABLE JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1



RECEIVED EC

JUN 2 7 2014

CLAIMS CENTER

# Exclusion Cover Page

Case Name: Kosmos Energy Ltd.

Case Code: KOSMOS

Exclusion Deadline: July 3, 2014(Postmark Date)

Name of Person Filing Exclusion: John Suchand

John Suchand



June 23, 2014

Kosmos Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

Dear Claims Administrator,

Please exclude myself (John Suchand) from the class in *In re to Kosmos Energy Ltd Securities Litigation*, Consolidated Civil Action No. 3:12-cv-373-B.

John Suchand



50 shares purchased at $19.10 (June 6, 2011 settlement, total value $955)
50 shares sold at $13.50 (August 10, 2011 settlement, total value $675)

I wish to be excluded from the Settlement Class.

Sincerely,

*/s/ John Suchand*

John Suchand



*Kosmos Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA  94912-8040

RECEIVED PR

JUN 2 7 2014

CLAIMS CENTER

**KOSMOS**